UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ARSENIO PENA,

                                                    Plaintiffs,    **COMPLAINT AND JURY DEMAND**

               -against-

THE CITY OF NEW YORK; JOHN DOE POLICE    DOCKET #
OFFICERS ##1-4,

                                                  Defendants.

                                                               ECF CASE
------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Amendment to the United States Constitution, and the laws and Constitution of the State of New York.

2.  The claim arises from a January 24, 2016 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, assault, battery and excessive force.

3.  Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.  This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth Amendment to the United States Constitution. Pendent party jurisdiction is asserted.

5.  The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.  Venue is laid within the United States District Court for the Southern District of New

York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Arsenio Pena is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

**10.** At all times here mentioned defendants were acting within their scope of employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On January 24, 2016, at approximately 10:00 pm., plaintiff was home with his wife and children. He had an argument with his wife and she called the police.

12. He waited calmly for the police to arrive at the apartment. When they arrived, he remained on the couch where he had been sitting quietly. He remained quiet and calm as the police approached and when he was saying goodbye to one of his children the police attacked him.

13. Plaintiff did nothing to provoke the attack, nothing to resist arrest, nor did he take any action that could remotely be construed as anything other than compliance with the police officers.

14. Plaintiff was seriously injured as a result of the attack. Plaintiff lost wages due to the

injury caused by the excessive force of the police.

15. All charges against plaintiff were dismissed.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

    b. Pain and suffering;

    c. Emotional trauma and suffering, including fear, severe emotional distress, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
(42 USC § 1983 – EXCESSIVE FORCE)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, when he was grabbed and handled roughly for no purpose when he was first handcuffed and when he was punched after he was handcuffed. Plaintiff's right to be free from the use of excessive force was thus violated.

21. Defendant officer Wilson Alba and the John Doe officers assaulted plaintiff and/or failed to intervene in the obviously unconstitutional conduct of the other officer.

22. Defendants are thus liable to plaintiff pursuant to the Fourth Amendment to the United States Constitution and defendants' are liable to plaintiff under 42 U.S.C. § 1983.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(ASSAULT)

24. The above paragraphs are here incorporated by reference.

25. By approaching and pushing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

26. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

27. Plaintiff was damaged by defendants' assault.

## THIRD CAUSE OF ACTION
(BATTERY)

28. The above paragraphs are here incorporated by reference.

29. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

30. Defendants used excessive and unnecessary force with plaintiff.

31. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under common law, 42 USC §1983 and the New York State Constitution.

32. Plaintiff was damaged defendant's battery.

## FOURTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

33. The preceding paragraphs are here incorporated by reference.

34. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

35. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
April 18, 2017

TO:   New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Yours, etc.,

*/s/ Leo Glickman*
Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com